```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ALICIA S. FRANCIS TRUST,                                          :
                                                                  :
                              Plaintiff,                          :    25-CV-6968 (JAV)
                                                                  :
                -v-                                               :    OPINION AND ORDER
                                                                  :
BRIDGECREST ACCEPTANCE CORPORATION and                            :
CARVANA, LLC,                                                     :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Alicia S. Francis Trust ("Plaintiff"), proceeding *pro se*, filed a Complaint in the Supreme Court of the State of New York, asserting claims for breach of contract, conversion, fraud, breach of privacy, and Fair Credit Reporting Act ("FCRA") violations against Defendants Bridgecrest Credit Company, LLC (improperly named "Bridgecrest Acceptance Corporation") ("Bridgecrest") and Carvana, LLC ("Carvana") (collectively, "Defendants"). *See generally* ECF No. 5-2 ("Compl."). Bridgecrest removed this action to federal court pursuant to 28 U.S.C. § 1441. ECF No. 5. Bridgecrest now moves to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7 ("Mot. to Dismiss"). Simultaneously, Plaintiff moves to remand the action to state court. ECF No. 9 ("Mot. to Remand"). Plaintiff also moves for "Judgment on Undisputed Facts & Demand for Equitable Relief." ECF No. 22. For the reasons discussed below, Plaintiff's motion to remand is **DENIED** and Defendant's motion to dismiss is **GRANTED** without prejudice.

## BACKGROUND

### A. Factual Allegations

Plaintiff alleges that on or about September 4, 2024, "a vehicle was purchased in the name of Pauline Richards" from Carvana and financed by Bridgecrest. Compl., ¶ 7. Ms. Richards is the beneficiary of the Alicia S. Francis Trust. *Id.*, ¶ 2. According to the Complaint, the transaction was "procured through misrepresentation, concealment of key contract terms, and without full disclosure of securitization, assignment, or monetization of the note." *Id.*, ¶ 8. Plaintiff then attempted to "settle the debt using the Trust's equitable value" by issuing "a Private Trust Discharge Instrument and fil[ing] a 1099-A Acquisition and Abandonment form." *Id.*, ¶ 9. According to the Complaint, "Defendants failed to honor the settlement and unlawfully reinserted the account onto the Beneficiary's credit report" while continuing to "report, enforce, and claim rights against the contract." *Id.*, ¶¶ 10, 12.

### B. Procedural History

On July 21, 2025, Plaintiff initiated the instant action against Defendants in the Supreme Court of the State of New York. *Id.* at 1.[1] The Complaint was signed and filed by the "Trustee" of the Alicia S. Francis Trust, "Alicia: of the Ettienne-Francis family" ("Ms. Francis"). Compl. at 6.

---

[1] For citation purposes, the Court refers to the PDF numbers of the cited documents, not the number listed at the bottom of the document.

Plaintiff served the Complaint on Carvana via certified mail addressed to "Carvana C/O Republic Registered Agent Serv., 54 State Street, Ste 804, Albany, NY 12207" and "Carvana LLC 1930 W. Rio Salado Parkway, Tempe, AZ 85281." ECF No. 9 ("Mot. to Remand") at 7.  The mailings were certified as received on July 28, 2025, and July 31, 2025, respectively.  *Id.* at 1, 7.

On August 25, 2025, Bridgecrest removed the action to federal court under 28 U.S.C. § 1441.  ECF No. 5 at 1.  Bridgecrest then filed a Rule 12(b)(6) motion to dismiss the action on August 29, 2025, on the grounds that, *inter alia*, the trust cannot proceed in court *pro se*.  Mot. to Dismiss at 1.  Plaintiff filed a motion to remand the action to the Supreme Court of the State of New York on September 4, 2025.  Mot. to Remand at 1-2.  Plaintiff also filed a motion for judgment on the undisputed facts and a demand for equitable relief on October 21, 2025.  ECF No. 22.  These motion papers, like the Complaint, were filed by "Alicia:  of the Ettienne-Francis family."  Mot. to Remand at 2; ECF No. 22 at 3.

Nowhere does the trustee claim to be a lawyer or to be admitted to this Court.  In response to the motion to dismiss, Ms. Francis states that she "appears solely in fiduciary capacity under authority granted by the Trust."  ECF No. 10 at 1.

To date, Carvana has not appeared or participated in the action.

## DISCUSSION

### A. Motion to Remand

Removal under Section 1441 was proper.  "An action filed in state court may be properly removed by a defendant to federal court in 'any civil action . . . of which the district courts of the United States have original jurisdiction.'"  *McCulloch*

*Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting 28 U.S.C. § 1441(a)).  District courts have original jurisdiction over cases that present federal questions, which applies when a claim arises under federal law. *See* 28 U.S.C. § 1331.  A claim arises under federal law and is subject to removal under Section 1441(a) when federal law creates the cause of action.  *See, e.g.*, *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983).  On a motion to remand, the removing party bears the burden of demonstrating the proprietary of removal.  *See Fouad v. Milton Hershey Sch. and Sch. Trust*, 523 F. Supp. 3d 648, 652 (S.D.N.Y. 2021) (cleaned up).

The instant Complaint asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), for alleged inaccurate credit reporting involving the contract and vehicle at issue.  *See* Compl., ¶¶ 18-19.  This claim falls within the original jurisdiction of the federal district courts.  *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) ("[F]ederal-question jurisdiction is invoked by and large [where] plaintiffs plead[ ] a cause of action created by federal law.").

If a case filed in state court pleads a cause of action arising under a federal statute, the entirety of the case is subject to removal to federal court.  28 U.S.C. § 1441(c). Whether supplemental jurisdiction exists over state law claims plead in the removed action depends on whether those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. §

4

1367(a). "Claims are considered 'part of the same case or controversy if they derive from a common nucleus of operative fact.'" *Garofalo v. City of New York*, No. 22-CV-07620-NRM-VMS, 2023 WL 3792514, at *4 (E.D.N.Y. June 2, 2023); s*ee, e.g., Treglia v. Town of Manlius,* 313 F.3d 713, 723 (2d Cir. 2002) (holding exercise of supplemental jurisdiction was proper where plaintiff's state and federal claims arose "out of approximately the same set of events").

The Court's exercise of supplemental jurisdiction, however, is not mandatory. *Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 31 F.3d 89, 103 (2d Cir. 1994). A court may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In determining whether to exercise supplemental jurisdiction over state law claims that substantially predominate, a court should consider the concepts of judicial economy, convenience, fairness, and comity. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

The Court elects to exercise supplemental jurisdiction over the remaining state law claims. The state law claims all derive from the same dispute over Ms. Richards' purchase of a vehicle from Carvana that was financed by Bridgecrest, and thus are part of the same case or controversy as the FCRA claims. Compl., ¶¶ 7-19.

5

Additionally, considerations of judicial economy and fairness weigh in favor of the Court's exercise of supplemental jurisdiction over these claims.

Plaintiff raises a procedural challenge to the removal of this action. Plaintiff argues removal was improper pursuant to 28 U.S.C. § 1446(b)(2)(A), which requires all properly served Defendants to join in or consent to the removal. Mot. to Remand at 1. Plaintiff maintains that Carvana was properly served "as evidenced by [the] USPS return receipt" certifying that Carvana received Plaintiff's Complaint. *See id*. Yet Carvana failed to join in or consent to the removal. *Id*. Accordingly, Plaintiff concludes that the matter should be remanded to state court. *Id*.

The Court holds that Bridgecrest's removal was proper. Of course, "all defendants who have been properly joined and served must join in or consent to the removal of the action" to satisfy the requirements of Section 1446(b)(2)(A). *Cole v. City of New York*, No. 19-CV-8376 (JGK), 2020 WL 3618422, at *2 (S.D.N.Y. July 2, 2020) (quoting 28 U.S.C. § 1446(b)(2)(A)). This rule is known as the rule of unanimity in the Second Circuit, and it has three recognized exceptions:

> [A] removing defendant [may] forego securing the consent of any co-defendant who: (1) has not been served with service of process at the time the removal petition is filed; (2) is merely a nominal or formal party; or (3) is not subject to the removed claim, which is a separate and independent claim from those asserted against the non-consenting defendant as defined by 28 U.S.C. § 1441(c).

*Id*. (quoting *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-CV9059 (PAE), 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015)) (quotation marks omitted). The first exception, which is implicit in 28 U.S.C. § 1446(b)(2)(A), means that section 1446(b)(2)(A) "requires the consent only of defendants who have been

6

'properly joined and served.'" *Ortiz v. City of New York*, No. 13-CV-136 (JMF), 2013 WL 2413724, at *4 (S.D.N.Y. June 4, 2013). "The sufficiency of service of process prior to removal is determined under the law of the state from whence the case was removed." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 384 (S.D.N.Y. 2006) (quotation marks omitted). Accordingly, New York law determines whether service was proper.

Under New York law, service of process on a limited liability company ("LLC") is governed by N.Y. C.P.L.R. § 311(a), which provides that service

> shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.

*Bass v. Pershing*, No. 25-CV-2478 (JGK), 2025 WL 1224221, at *1-2 (S.D.N.Y. Apr. 24, 2025) (quoting N.Y. C.P.L.R. § 311(a)) (quotation marks omitted). Service of process on an LLC may also be completed by "'[p]ersonally delivering to and leaving with the secretary of state or his or her deputy . . . duplicate copies of such process,' or by '[e]lectronically submitting a copy of the process to the department of state.'" *Id.* at *2 (quoting N.Y. LLC L. § 303). Accordingly, "mail is not an acceptable method of service . . . for limited liability companies under New York law." *Olivadoti v. 290 Riverside Co., LLC*, No. 12-CV-386 (PAE), 2012 WL 1604906, at *5 (S.D.N.Y. May 8, 2012). Moreover, defective service is not cured or overcome on the

mere assertion that a defendant had actual notice. *Id.* at *4 (quoting *J.G. ex rel. J.G. v. Bd. of Educ. of Briarcliff Manor Union Free Sch. Dist.*, No. 07-CV-7245 (KMK), 2008 WL 3843523, at *2 (S.D.N.Y. Aug. 14, 2008)) (quotation marks omitted).

In the instant action, Plaintiff attempted to serve Carvana via certified mail. Mot. to Remand at 1. Plaintiff does not claim that they attempted to serve Carvana in any other manner. *See generally id.* Carvana was not properly served in accordance with New York law. Accordingly, Carvana need not join in or consent to the removal to satisfy the rule of unanimity. The motion to remand is therefore denied.

**B. Motion to Dismiss**

Plaintiff's action is dismissed because a trust cannot proceed *pro se* in an Article III court. The statute governing appearances in federal court, 28 U.S.C. § 1654, only allows two types of representation: "'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir. 1991). Accordingly, "[t]he statute does not permit 'unlicensed lay[persons] to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Associates,* 926 F.2d at 1308). "Thus, a nonlawyer trustee cannot bring claims on behalf of a trust." *Nasledie Davudova Express Tr. v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 24-CV-

7633 (LTS), 2024 WL 4769687, at *2 (S.D.N.Y. Nov. 13, 2024) (citing *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007)).

Plaintiff characterizes itself as "a private trust . . . represented herein by the [t]rustee acting in fiduciary capacity." Compl., ¶ 1. The trustee identifies herself as "Alicia: of the Ettienne–Francis family." *Id.* at 6. Ms. Francis does not make any representations that she is licensed to practice law. *See generally* Compl.; Mot. to Remand; ECF No. 20; ECF No. 21. Accordingly, the Court concludes that Ms. Francis is an unlicensed layperson.

Since Ms. Francis is an unlicensed layperson seeking to represent a trust and bring claims on behalf of either the trust itself or the trust's beneficiary in the instant action, *see generally* Compl., then this action cannot proceed. Accordingly, the Court dismisses the action without prejudice to refiling through an attorney.

## CONCLUSION

Accordingly, Plaintiff's motion to remand is **DENIED** and Defendant's motion to dismiss Plaintiff's Complaint is **GRANTED**. The Clerk of Court is directed to terminate ECF Nos. 7, 9, and 22 and to close the case.

SO ORDERED.

Dated: October 27, 2025
      New York, New York

                                    JEANNETTE A. VARGAS
                                    United States District Judge